IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHARON THOMAS, )
)
       Plaintiff, )
)
v. ) 1:09-CV-491
)
CHARLIE NELMS, ET AL., )
)
       Defendants. )

### MEMORANDUM OPINION and ORDER

Catherine C. Eagles, District Judge.

The Plaintiff, Sharon Thomas, filed this action alleging that the Defendants discriminated against her based on age and disability and committed various torts against her. She sued her former employer, North Carolina Central University ("NCCU"), and various NCCU employees, as well as the North Carolina Office of Administrative Hearings ("OAH") and various OAH employees. All Defendants move to dismiss for insufficient service of process. (Docs. 20, 22.) Because Ms. Thomas served the Defendants herself in violation of the Federal Rules of Civil Procedure, the Court will quash service. However, the Court will allow the Plaintiff additional time to obtain proper service pursuant to Federal Rule of Civil Procedure 4(m).

Rule 4 provides that service of process must be effected by "[a]ny person who is at least 18 years old and *not a party*." Fed. R. Civ. P. 4(c)(2) (emphasis added). Ms. Thomas served Defendants by certified mail and signed the affidavits of service.[1] (Docs. 5, 6, 7, 8, 17, 19.) Defendants contend that because the Federal Rules of Civil Procedure prohibit a party to litigation from serving a summons and complaint, service is invalid.

---

[1] Ms. Thomas noted that she was unsuccessful in serving Defendant Kaye Webb. (Doc. 19.)

Courts have overwhelmingly adopted the interpretation of Rule 4(c)(2) the Defendants advocate. *See Constien v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010); *Knotts v. Univ. of N.C. at Charlotte*, No. 3:08-CV-478, 2011 WL 650493, at *9 (W.D.N.C. Feb. 10, 2011) (collecting cases); *Lindsey v. United States*, 448 F. Supp. 2d 37, 46 (D.D.C. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "Although one could question the wisdom of this" interpretation, *Constien*, 628 F.3d at 1213, it seems required by the clear and unambiguous language of the rule.[2]

As noted by the Fourth Circuit, when clearly insufficient process has been brought to the Court's attention, the rules cannot be ignored:

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Even so, courts generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process. *See Miller v. Nw. Region Library Bd.*, 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004).

When service is ineffective, the Court has discretion to dismiss the action or quash service. *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 571 (5th Cir. 2007); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *Marshall v. Warwick*, 155 F.3d 1027, 1032-33 (8th Cir. 1998); *Umbenhauer v. Woog*, 969 F.2d 25, 30-31 (3d Cir. 1992); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). In her response to Defendants' motions, Ms. Thomas states

---

[2] At first glance, Defendants' argument seems inconsistent with the purpose of the rule, since Ms. Thomas accomplished service by use of certified mail and provided proof of delivery by the United States Post Office; thus, one might say, the Post Office effected service of process. The problem with this approach, however, becomes apparent on second glance. When a litigant is the person who places the summons and complaint in the envelope, there is more potential for a dispute as to whether the summons and complaint were actually in the envelope. That is not, of course, the case here, where no Defendant has denied receiving actual notice of this lawsuit.

that she followed the Clerk's instructions in attempting to serve Defendants. (Doc. 29 at 1-2.) There is no prejudice to Defendants in quashing service and allowing Ms. Thomas an opportunity to perfect service. *See* Fed. R. Civ. P. 4(m); *DiPaulo v. Potter*, 570 F. Supp. 2d 802, 807 (M.D.N.C. 2008) (recognizing district court's discretion to grant extensions of time for service of process).

Accordingly, the Court will grant Ms. Thomas additional time in which to perfect service. Should Ms. Thomas wish to serve Defendants by certified mail, she should have any non-party individual, who is over eighteen, deposit the summons and complaint in an envelope, have the envelope sent certified mail to Defendants, and sign an affidavit of service.

The Motion for Leave to File a Second Amended Complaint (Doc. 28) is **GRANTED.**

It is **ORDERED** that:

1. Service of process on all Defendants is **QUASHED**.
2. The Motion for Leave to File a Second Amended Complaint, (Doc. 28), is **GRANTED** and Plaintiff may file a second amended complaint no later than February 28, 2013.
3. Defendants' Motions to Dismiss, (Docs. 20, 22), are **DENIED** without prejudice to their renewal if and when service is effected on Defendants.
4. Ms. Thomas shall have sixty days in which to serve Defendants and to file proof of effective service of process. If proof of service is not timely filed, the Court will dismiss the case without further notice. See Fed. R. Civ. P. 4(m).

This the 14th day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE